UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL J. MACK,<br><br>   Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>   Defendant. | Case No.:  14cv2050 WQH (JMA)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE [ECF Nos. 16, 20]** |

Plaintiff Earl J. Mack ("Plaintiff") seeks judicial review of the determination by Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Defendant"), that he is not entitled to supplemental security income ("SSI") benefits.  The parties have filed cross-motions for summary judgment.  For the reasons set forth below, the Court recommends Plaintiff's motion for summary judgment [ECF No. 16] be **GRANTED**, Defendant's cross-motion [ECF No. 20] be **DENIED**, and the case be remanded for a calculation and award of SSI benefits.

I.   BACKGROUND

Plaintiff was born on August 21, 1955.  (Admin. R. at 248.)  In June 2008,

1

Plaintiff filed an application for SSI, alleging he had been disabled since 1996. (Id. at 212-47.) In an application for SSI filed on July 16, 2008, Plaintiff alleged a disability onset date of June 1, 2000. (Id. at 248-51, 252-55.) Plaintiff's applications were denied initially on November 25, 2008 and upon reconsideration on February 13, 2009. (Id. at 108-11, 117-21.) On March 20, 2009, Plaintiff requested an administrative hearing. (Id. at 123.) A hearing was conducted on September 2, 2010 by Administrative Law Judge ("ALJ") Eve B. Godfrey, who determined on November 24, 2010 that Plaintiff was not disabled. (Id. at 60-80, 89-96.) Plaintiff subsequently requested a review of the ALJ's decision.

On February 15, 2012, the Appeals Council for the Social Security Administration ("SSA") granted Plaintiff's request for review, vacated the hearing decision and remanded the case for further proceedings. (Id. at 103-04.) In its order remanding the case to the ALJ, the Appeals Council stated:

> The hearing decision found that the claimant had the residual functional capacity to perform medium work (citation omitted), that he was unable to perform his past relevant work, that he was 52 years old on the date the application was filed and had a 12th grade education (citation omitted). The hearing decision then found that if the claimant had the residual functional capacity to perform the full range of medium work that Medical-Vocational Rule 203.29 would direct a finding of "not disabled" (citation omitted). The claimant's earning record, however, indicates that he has not worked substantial gainful activity in the fifteen years prior to the hearing decision, and therefore has no past relevant work. In addition, the record is unclear as to the claimant's education, as he had reported to the State agency Consultative Examiner, Dr. Gregory M. Nicholson, M.D., that he had dropped out of school in the 12th grade [Admin. R. at 478] and he testified at the hearing that he only completed the 11th grade. In addition, the hearing decision did not note that the claimant turned age 55 on August 21, 2010, prior to the date of the

> decision. The Appeals Council notes that if the claimant had completed the 12th grade, Medical-Vocational rules 203.21 and 203.14 would be used, and each directs a finding of "not disabled."[1] If the claimant had completed only the 11th grade, then Medical-Vocational rules 203.18 and 203.10 would be used, and while Rule 203.18 directs a finding of "not disabled," Rule 203.10 directs a finding of "disabled."[2]

(Admin. R. at 103.) The Appeals Council directed the ALJ, upon remand, to "further evaluate the claimant's educational history to determine if the claimant's education had progressed to the 11th grade or 12th grade, and then determine and apply the correct Medical-Vocational Rules." (Id.)

ALJ Godfrey conducted a second hearing on September 12, 2012 and determined on October 24, 2012 that Plaintiff was not disabled. (Id. at 17-24, 53-59.) With respect to Plaintiff's education, the ALJ found that Plaintiff "has at least a high school education and is able to communicate in English." (Id. at 23.) The ALJ explained further:

> The claimant testified at the prior hearing that he only completed 11 years of formal education and did not obtain a GED certificate. [¶] The record shows conflicting evidence concerning the highest grade that the claimant has completed. In his most recent Disability Report (Form SSA-3368) completed on December 13, 2010, the claimant

---

[1] Medical-Vocational Rules 203.21 and 203.14 both correspond to a "high school graduate or more", with unskilled or no previous work experience. Rule 203.21 relates to a person closely approaching advanced age (ages 50-54), while Rule 203.14 relates to a person of advanced age (55 or higher). As set forth above, both 203.21 and 203.14 direct a finding of "not disabled."

[2] Medical-Vocational Rules 203.18 and 203.10 both correspond to a person with limited education or less, with unskilled or no previous work experience. Rule 203.18 refers to a person closely approaching advanced age and directs a finding of "not disabled." Rule 203.10 refers to a person of advanced age and directs a finding of "disabled." 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00 et seq.

> stated he completed **11 years** of formal education (citation omitted) (emphasis in original). [¶] However, in the Disability Report that was received by the Administration on July 16, 2008, the claimant stated that he completed **12 years** of formal education [Admin. R. at 317] (emphasis in original). [¶] I give most weight to the earlier record to determine the level of education attained by the claimant. It was made at a time before the claimant would have been aware of any reason to suggest he was less educated. Moreover, the claimant's attorney was invited to produce any evidence on this issue in April 2012 and never did so. Therefore, I resolve the conflict in the record based on the first Disability Report and find that the claimant completed 12 years of formal education, which is considered a high school education.

(Id.)

Plaintiff requested a review of the ALJ's decision; the Appeals Council for the Social Security Administration ("SSA") denied the request on April 21, 2014. (Id. at 4-6.) After receiving an extension of time to file a civil action (id. at 2), Plaintiff commenced this action pursuant to 42 U.S.C. § 405(g).

## II.   LEGAL STANDARDS

### A.   Scope of Judicial Review

Sections 205(g) and 1631(c)(3) of the Social Security Act allow unsuccessful applicants to seek judicial review of the Commissioner's final agency decision. 42 U.S.C.A. §§ 405(g), 1383(c)(3). The scope of judicial review is limited. The Commissioner's final decision should not be disturbed unless: (1) The ALJ's findings are based on legal error or (2) are not supported by substantial evidence in the record as a whole. Schneider v. Comm'r Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews v. Shalala, 53 F.3d

1035, 1039 (9th Cir. 1995).  The Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion.  See Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."  Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009) (citing Andrews, 53 F.3d at 1039).  Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed.  Id. at 591 (citation and quotations omitted).

Section 405(g) permits this Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision.  42 U.S.C.A. § 405(g).  The matter may also be remanded to the SSA for further proceedings.  Id.

### B.  SSA Regulations

Under 20 C.F.R. § 416.920(g), the SSA uses "different rules" if a claimant meets one of the two special medical-vocational profiles described in section 416.962.  "If you meet one of those profiles, we will find that you cannot make an adjustment to other work, and that you are disabled."  20 C.F.R. § 416.920(g)(2).  Section 416.962 provides:

> If you are at least 55 years old, have no more than a limited education, and have no relevant past work experience.  If you have a severe, medically determinable impairment(s) [citations omitted], are of advanced age (age 55 or older, see § 416.963), have a limited education or less (see § 416.964), and have no past relevant work experience (see § 416.965), we will find you disabled.  If the evidence shows you meet this profile, we will not need to assess your residual functional capacity or consider the rules in appendix 2 to subpart P of part 404 of this chapter.

20 C.F.R. § 416.962(b).  In evaluating a claimant's educational level, the SSA uses the following categories:  illiteracy, marginal education, limited education,

and high school education and above. 20 C.F.R. § 416.964(b)(1)-(4). "Limited education" and "high school education and above" are defined as follows:

> Limited education. Limited education means ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs. We generally consider that a 7th grade through the 11th grade level of formal education is a limited education.
>
> High school education and above. High school education and above means abilities in reasoning, arithmetic, and language skills acquired through formal schooling at a 12th grade level or above.

Id. at § 416.964(b)(3)-(4). The regulations further provide that the numerical grade completed in school may not represent actual educational abilities, which may be higher or lower. Id. at § 416.964(b). If there is no evidence to contradict it, the SSA will use the numerical grade level to determine educational ability. Id. "The term education also includes how well you are able to communicate in English since this ability is often acquired or improved by education." Id.

### III.   DISCUSSION

Plaintiff argues that the ALJ erred in finding that Plaintiff has a high school education. (Pl.'s Mem. at 5-11.) Defendant contends that it was within the ALJ's purview to resolve the evidentiary conflict regarding Plaintiff's education level. (Def.'s Mem. at 3-4.)

Because it is undisputed that Plaintiff has severe impairments (see Admin. R. at 19), is of advanced age (he turned 55 years old prior to the ALJ's first decision) and has no past relevant work experience (see id. at 23), whether Plaintiff is disabled under 20 C.F.R. § 416.962 turns on whether he has a limited education or less. 20 C.F.R. § 416.962(b). The following consists of a

6

chronology of the evidence and findings relating to Plaintiff's education contained in the record:

| | | | |
|---|---|---|---|
| Undated (2008) | Disability Report – Adult | Highest grade of school completed: 12th grade<br>Approximate date completed: 1973<br>Did you attend special education classes? No | Admin. R. at 317. |
| 9/11/08 | UCSD Healthcare progress note | "In Special Education in school and went to 12th grade but dropped out. No GED." | Id. at 447. |
| 10/28/08 | Seagate Medical Group evaluation | "The claimant dropped out of school in the 12th grade. He stated he was in special education classes at school." | Id. at 478. |
| 9/2/10 | First ALJ hearing | [ALJ]: And you have a twelfth grade education.<br>[Plaintiff]: More eleven grade, special class. | Id. at 66. |
| 11/24/10 | First ALJ decision | "The claimant has at least a high school education and is able to communicate in English [citation omitted]. | Id. at 95. |
| 12/13/10 | Disability Report – Adult | Check the highest grade of school completed: 11<br>Date completed: 6/1972<br>Did you attend special education classes? Yes | Id. at 394. |
| 2/15/12 | Order of Appeals Council | Remanding case to ALJ to "further evaluate the claimant's educational history to determine if the claimant's education had progressed to the 11th grade or 12th grade . . . ." | Id. at 103. |
| 6/28/12 | Letter from Plaintiff's counsel | "I have spoken to Mr. Mack's sister Marjorie Mack. . . . She believes he attended the 12th grade but did not graduate." | Id. at 410; see also id. at 423. |
| 1/18/13 | Declaration by Plaintiff's counsel | "I was first retained by the claimant on December 12, 2008. During my initial interview with the claimant I asked [him] what the highest level of | Id. at 424. |

| | | education was that he had achieved. The claimant told me that he completed the 11th grade and did not receive a high school diploma or a GED." | |
|---|---|---|---|

There is also evidence in the record suggesting that Plaintiff does not read well, needs help filling out forms, and is dyslexic.  (Id. at 116, 332, 349, 351, 363, 392-93, 586, 601.)

      The above chronology demonstrates the ALJ's finding that Plaintiff completed twelve years of formal education is not supported by substantial evidence in the record.  The basis for the ALJ placing greater weight on the 2008 disability report over the 2010 disability report was that the statement made in the 2008 report (that he completed 12th grade) was "made at a time before the claimant would have been aware of any reason to suggest he was less educated." (Admin. R. at 23.)  In 2008, however, Plaintiff stated to both UCSD Healthcare and Seagate Medical Group that he dropped out of school in the 12th grade.  (Id. at 447, 478.)  In 2010, at his administrative hearing, Plaintiff testified before the ALJ that he had only completed 11th grade.  (Id. at 66.)  All of these statements were made prior to the time he "would have been aware of any reason to suggest he was less educated."  In fact, as the ALJ's 2010 decision did not hinge on the issue of Plaintiff's education, it was not until the 2012 order by the Appeals Council that Plaintiff's level of education came to light as the critical factor in his disability determination.  Therefore, contrary to the ALJ's determination, even Plaintiff's statement on his 2010 disability report (that he completed eleven grades) was made at a time before he was "aware of any reason to suggest he was less educated."  (Id. at 394.)  Other than the lone statement in his 2008 disability report that he completed 12th grade, Plaintiff has always consistently stated that he completed only eleven grades, and dropped

out of school in the 12th grade. Although the Court does not rely on this evidence, it notes that Plaintiff's statements are also consistent with those of his sister Marjorie and of his previous attorney. (Id. at 410, 423, 424.)[3]

Additionally, Plaintiff has always consistently stated that he attended special education classes in school. (Id. at 66, 394, 447, 478, 601.) The only time he reportedly indicated differently was in the same 2008 disability report upon which the ALJ relies. (See id. at 317.) This discrepancy provides some indication that the 2008 disability report (which likely was prepared by someone other than Plaintiff) may have contained erroneous information. Moreover, that Plaintiff was enrolled in special education classes, coupled with his present stated inability to read well and fill out forms on his own (see id. at 116, 332, 349, 351, 363, 392-93, 586, 601), detracts from the ALJ's finding that Plaintiff has a "high school education" as defined by the SSA's regulations, regardless of what grade level he completed. See 20 C.F.R. § 416.964(b) ("The numerical grade that you completed in school may not represent your actual educational abilities. . . . The term education also includes how well you are able to communicate in English.").

For all of the foregoing reasons, the Court finds the ALJ failed to provide a legally sufficient reason to reject Plaintiff's testimony that he completed 11th, not 12th, grade. The ALJ's determination that Plaintiff has a high school education was not supported by substantial evidence in the record. Rather, substantial evidence in the record demonstrates that Plaintiff has a limited education as

---

[3] Plaintiff's prior counsel's letter of January 18, 2013 post-dates both decisions by the ALJ. See Hudson v. Bowen, 849 F.2d 433, 435 (9th Cir. 1988) (the district court's function is to review the correctness of the Commissioner's decision at the time it was made); see also Harman v. Apfel, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (a court may properly consider any additional materials submitted to the Appeals Council in conjunction with a claimant's request for review).

defined by the regulations. Accordingly, the Court recommends the case be remanded.

## IV. REMEDY

"If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded." Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Courts, however, are "empowered to affirm, modify, or reverse a decision by the Commissioner 'with or without remanding the cause for rehearing.'" Garrison, 759 F.3d at 1019 (citing 42 U.S.C. § 405(g)) (emphasis omitted). Thus, in appropriate circumstances, "courts are free to reverse and remand a determination by the Commissioner with instructions to calculate and award benefits." Id. Courts have done so when it is clear from the record that a claimant is entitled to benefits. Id.

Before the Court can remand a case to the ALJ with instructions to award benefits, three requirements must be met: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014) (citing Garrison, 759 F.3d at 1020). Even when these requirements are met, the Court retains "flexibility" in determining the appropriate remedy. Id. (citing Garrison, 759 F.3d at 1021). If the record as a whole creates serious doubt as to whether a claimant is disabled, then the case may be remanded for further proceedings.

Here, there is no need to further develop the record or hold further administrative proceedings, as there is no further information to be gained regarding Plaintiff's education. The ALJ has already held the record open for

additional information, and Plaintiff submitted what he could; namely, the letter setting forth his sister Marjorie's statement. (Admin. R. at 23, 55-56, 410 ["We were unable to obtain any further information."].) The record is as complete as it will ever be. Second, as discussed above, the ALJ failed to provide a legally sufficient reason to reject Plaintiff's testimony that he completed 11th, not 12th, grade. Third, if the improperly discredited evidence – that Plaintiff completed 11th grade, dropped out of school in 12th grade, and attended special education classes – were credited as true, the ALJ would be required on remand to find that Plaintiff has a limited education and is disabled under 20 C.F.R. § 416.964(b) (as well as 20 C.F.R. pt. 404, subpt. P, app. 2, § 203.10 (Medical-Vocational Rule 203.10)). Because Plaintiff satisfies all three conditions of the credit-as-true rule, and a review of the record as a whole casts no serious doubt that Plaintiff is disabled and, rather, demonstrates that Plaintiff was disabled as of the date he turned 55 years old (August 21, 2010), the Court recommends remand for a calculation and award of SSI benefits in a manner consistent with the Court's findings in this matter.

## V.   CONCLUSION

For the reasons set forth above, the Court recommends Plaintiff's motion for summary judgment be **GRANTED**, Defendant's cross-motion be **DENIED**, and the case be remanded for a calculation and award of SSI benefits.

This report and recommendation will be submitted to the Honorable William Q. Hayes, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before **February 24, 2016**. The document should be captioned "Objections to Report and Recommendation." Any reply to the Objections shall be served and filed on or before **March 7, 2016**. The parties are advised that failure to file objections within the specified

1 | time may waive the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951
2 | F.2d 1153 (9th Cir. 1991).

Dated:  February 10, 2016

_____
Honorable Jan M. Adler
United States Magistrate Judge