# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL J. MACK,<br><br>                  Plaintiff,<br>  v.<br>CAROLYN W. COLVIN,<br><br>                 Defendant. | CASE NO. 14cv2050 WQH-JMA<br><br>ORDER |

HAYES, Judge:

     The matter before the Court is the Report and Recommendation (ECF No. 21) issued by United States Magistrate Judge Jan M. Adler, recommending that the motion for summary judgment (ECF No. 16) filed by Plaintiff be granted, the cross-motion for summary judgment (ECF No. 20) filed by Defendant be denied, and the case be remanded for a calculation and award of SSI benefits.

**I. Background**

     Plaintiff was born on August 21, 1955. (Admin R. at 248). On July 16, 2008, Plaintiff filed an application for Supplemental Security Income ("SSI") with the Social Security Administration, alleging a disability onset date of June 1, 2008. *Id.* at 213, 248. On November 25, 2008, Plaintiff's application was denied. *Id.* at 108. On February 13, 2009, the denial was affirmed on reconsideration. *Id.* at 117. On March 20, 2009, Plaintiff requested an administrative hearing. *Id.* at 123. On September 2, 2010, a hearing was conducted by Administrative Law Judge ("ALJ") Eve B. Godfrey. *Id.* at 60. On November 24, 2010, the ALJ issued a decision that Plaintiff is not

disabled under section 1614(a)(3)(A) of the Social Security Act. *Id.* at 89-96.

On February 15, 2012, the Appeals Council for the Social Security Administration ("SSA") granted Plaintiff's request to review the decision of the ALJ, vacated the hearing decision, and remanded the case for further proceedings. *Id.* at 103-104. In its order, the Appeals Council stated,

> The hearing decision found that the claimant had the residual functional capacity to perform medium work, that he was unable to perform his past relevant work, that he was 52 years old on the date the application was filed and had a 12th grade education. The hearing decision then found that if the claimant had the residual functional capacity to perform the full range of medium work that Medical-Vocational Rule 203.29 would direct a finding of "not disabled." The claimant's earning record, however, indicates that he has not worked substantial gainful activity in the fifteen years prior to the hearing decision, and therefore has no past relevant work. In addition, the record is unclear as to the claimant's education, as he had reported to the State agency Consulatative Examiner, Dr. Gregory M. Nicholson, M.D., that he had dropped out of school in the 12th grade and he testified at the hearing that he only completed the 11th grade. In addition, the hearing decision did not note that the claimant turned age 55 on August 21, 2010, prior to the date of the decision. The Appeals Council notes that if the claimant had completed the 12th grade, Medical-Vocational rules 203.21 and 203.14 would be used, and each directs a finding of "not disabled." If the claimant had completed only the 11th grade, then Medical-Vocational rules 203.18 and 203.10 would be used, and while Rule 203.18 directs a finding of "not disabled" Rule 203.10 directs a finding of "disabled."
>
> Upon remand the Administrative Law Judge will further evaluate the claimant's educational history to determine if the claimant's education had progressed to the 11th grade or 12th grade, and then determine and apply the correct Medical-Vocational rules.

*Id.* at 103 (citations omitted).

On September 12, 2012, ALJ Eve B. Godfrey conducted a second hearing. *Id.* at 53. On October 24, 2012, the ALJ issued a decision that Plaintiff was not disabled. *Id.* at 17-24. In the decision, the ALJ stated

> The claimant testified at the prior hearing that he only completed 11 years of formal education and did not obtain a GED certificate.
>
> The record shows conflicting evidence concerning the highest grade that the claimant has completed. In his most recent Disability Report (Form SSA-3368) completed on December 13, 2010, the claimant stated that he completed 11 years of formal education.
>
> However, in the Disability Report that was received by the Administration on July 16, 2008, the claimant stated that he completed 12 years of formal education.

> I give most weight to the earlier record to determine the education attained by the claimant. It was made at a time before the claimant would have been aware of any reason to suggest he was less educated. Moreover, the claimant's attorney was invited to produce any evidence on this issue in April, 2012 and never did so. Therefore, I resolve the conflict in the record based on the first Disability Report and find that the claimant completed 12 years of formal education, which is considered a high school education.

*Id.* at 23 (citations omitted).

On April 21, 2014, the Appeals Council for the SSA denied Plaintiff's request for review of the October 24, 2012 decision by the ALJ. *Id.* at 4. On July 28, 2014, the Appeals Council granted Plaintiff an extension of time to file a civil action. *Id.* at 2. On August 29, 2014, Plaintiff initiated this action by filing a Complaint for Review of Final Decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). (ECF No. 1).

On June 2, 2015, Plaintiff filed a motion for summary judgment. (ECF No. 16). On August 3, 2015, Defendant filed an amended cross-motion for summary judgment. (ECF No. 20).

On February 10, 2016, the Magistrate Judge issued a Report and Recommendation. (ECF No. 21). The Magistrate Judge stated in part,

> the ALJ's finding that Plaintiff completed twelve years of formal education is not supported by substantial evidence in the record. . . . Other than the lone statement in his 2008 disability report that he completed 12th grade, Plaintiff has always consistently stated that he completed only eleven grades, and dropped out of school in the 12th grade. . . . Additionally, Plaintiff has always consistently stated that he attended special education classes in school. (Admin R. 66, 394, 447, 478, 601). The only time he reportedly indicated differently was in the same 2008 disability report upon which the ALJ relies. (*See id.* at 317). This discrepancy provides some indication that the 2008 disability report (which was likely prepared by someone other than Plaintiff) may have contained erroneous information. Moreover, that Plaintiff was enrolled in special education classes, coupled with his present stated inability to read well and fill out forms on his own (*See id.* at 116, 332, 349, 351, 363, 392-93, 586, 601), detracts from the ALJ's finding that Plaintiff has a "high school education" as defined by the SSA's regulations, regardless of what grade level he completed. *See* 20 C.F.R. § 416.964(b) ("The numerical grade that you completed in school may not represent your actual educational abilities. . . . The term education also includes how well you are able to communicate in English."). . . . [S]ubstantial evidence in the record demonstrates that Plaintiff has a limited education as defined by the regulations.

(ECF No. 21 at 8-10).

The Magistrate Judge stated that "there is no need to further develop the record or hold further administrative hearings . . . . Plaintiff submitted what he could . . . ." (ECF No. 21 at 11 (citing Admin R. at 23, 55-56, 410)). The Magistrate Judge stated that "the ALJ failed to provide legally sufficient reason to reject Plaintiff's testimony that he completed 11th, not 12th, grade." (ECF No. 21 at 11). The Magistrate Judge stated that "if the improperly discredited evidence – that Plaintiff completed 11th grade, dropped out of school in 12th grade, and attended special education classes – were credited as true, the ALJ would be required on remand to find that Plaintiff has a limited education and is disabled under 20 C.F.R. § 416.964(b) (as well as 20 C.F.R. pt. 404, subpt. P, app. 2, § 203.10 (Medical-Vocational Rul 203.10))." *Id.* Finding that the record "demonstrates that Plaintiff was disabled as of the date he turned 55 years old (August 21, 2010)," the Magistrate Judge recommended that "Plaintiff's motion for summary judgment be GRANTED, Defendant's cross-motion be DENIED, and the case be remanded for a calculation and award of SSI benefits." *Id.*

On February 23, 2016, Defendant filed objections to the Report and Recommendation. (ECF No. 22). On March 7, 2016, Plaintiff filed a reply. (ECF No. 23).

**II. Legal Standard**

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a Report and Recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires

a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

**III. Discussion**

Defendant objects to the conclusion in the Report and Recommendation that the ALJ erred in finding that the Plaintiff had a twelfth-grade education. Defendant contends that the Court should defer to the decision of the ALJ to give the most weight to Plaintiff's Disability Report indicating that he completed twelfth grade because it was made "before [Plaintiff] was aware of any reason to suggest he was less educated." *Id.* at 4. Defendant objects to the recommendation that the case be remanded for an award of SSI benefits and contends that the Court should remand the case for further proceedings.

Plaintiff contends that the Court should adopt the Report and Recommendation in its entirety and remand the case on the basis set forth in the Report and Recommendation. (ECF No. 23 at 4).

**A. Plaintiff's Education**

Section 416.962(b) of Title 20 of the Code of Federal Regulations states

> If you have severe, medically determinable impairment(s) (see §§ 416.920(c), 416.921, and 416.923), are of advanced age (age 55 or older, see § 416.963), have limited education or less (see § 416.964), and have no past relevant work experience (see § 416.965), we will find you disabled.

20 C.F.R. § 416.962(b). Section 416.964 of Title 20 of the Code of Federal Regulations explains how education is evaluated as a vocational factor:

> (a) . . . Education is primarily used to mean formal schooling or other training which contributes to your ability to meet vocational requirements, for example, reasoning ability, communication skills, and arithmetical ability. . . .
>
> (b) . . . The importance of your educational background may depend upon how much time has passed between the completion of your formal education and the beginning of our physical or mental impairment(s) and by what you have done with your education in a work or other setting. Formal education that you completed many years before your impairment began, or unused skills and knowledge that were part of your formal education, may no longer be useful or meaningful in terms of your ability to work. Therefore, the numerical grade level that you completed in school may not represent your actual educational abilities . . . . However,

> if there is no other evidence to contradict it, we will use your numerical grade level to determine your educational abilities. The term education also includes how well you are able to communicate in English since this ability is often acquired or improved by education.

20 C.F.R. § 416.964. The educational category of "[l]imited education means ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs. We generally consider that a 7th grade through the 11th grade level of formal education is a limited education." 20 C.F.R. § 416.964(b)(3). The educational category of "[h]igh school education and above means abilities in reasoning, arithmetic, and language skills acquired through formal schooling at a 12th grade level or above. We generally consider that someone with these educational abilities can do semi-skilled work." 20 C.F.R. § 416.964(b)(4).

It is undisputed that Plaintiff has severe impairments. (Admin R. at 19). Plaintiff turned 55 years old on August 21, 2010 and entered the age category of advanced age on that date. *Id.* at 23. It is undisputed that Plaintiff does not have past relevant work experience. *Id.* The issue presented, in determining if Plaintiff is disabled under 20 C.F.R. § 416.962(b), is whether Plaintiff has a "limited education or less." *See* 20 C.F.R. § 416.962(b).

Evidence in the record that Plaintiff completed twelfth grade consists of a Disability Report filed with the Social Security Administration in 2008. (Admin. R. at 317). The record contains a letter from Plaintiff's sister indicating that Plaintiff attended high school from 1970 to 1973, "covering grades tenth through twelfth." *Id.* at 423.

Other evidence in the record contradicts a finding that Plaintiff completed twelfth grade. On September 11, 2008, Plaintiff's psychiatrist stated in progress notes that Plaintiff was "[i]n Special Education in school and went to twelfth grade but dropped out. No GED." (Admin. R. at 447). On October 28, 2008, the State agency Consultative Examiner stated that "claimant dropped out of school in the 12th grade. He stated he was in special education classes in school. He has no further education or

specialized training." *Id.* at 478. Provider notes from the UCSD Medical Center on January 23, 2009 indicate that Plaintiff told his doctor that he was put into special education classes in fourth grade. *Id.* at 601. In the first hearing in front of the ALJ, the ALJ asserted, "All right. And you have a twelfth grade education," and Plaintiff responded, "More eleven grade, special class." *Id.* at 66. In the Disability Report filed on September 2, 2010, Plaintiff stated that he was dyslexic, checked eleventh grade as the highest grade of school completed, and indicated that he attended special education classes from 1969 to 1972. *Id.* at 393-94. The record contains a letter submitted by Plaintiff's counsel to the Office of Disability Adjudication and Review, stating

> I have spoken to Mr. Mack's sister . . . . She believes he attended the 12th grade but did not graduate. This is consistent with Earl's recollection that the 11th grade was the highest grade complete. We were unable to obtain any further information.

*Id.* at 410. In a declaration, Plaintiff's counsel states, "During my initial interview with the claimant I asked the claimant what the highest level of education was that he had achieved. The claimant told me that he completed the 11th grade and did not receive a high school diploma or GED." *Id.* at 424.

In addition to evidence that Plaintiff did not complete twelve years of formal education and attended special education classes, the record contains evidence that Plaintiff cannot read or write well, is dyslexic, needs help reading and understanding words, has problems adding and subtracting, and needs assistance filling out forms and understanding instructions. *Id.* at 116, 332, 347, 349, 351, 363, 393, 586.

The ALJ relied on the 2008 Disability Report to conclude that Plaintiff completed twelve years of formal education, stating

> I give most weight to the earlier record to determine the level of education attained by the claimant. It was made at a time before the claimant would have been aware of any reason to suggest he was less educated. Moreover, the claimant's attorney was invited to produce any evidence on this issue in April, 2012 and never did so. Therefore, I resolve the conflict in the record based on the first Disability Report and found that the claimant completed 12 years of formal education, which is considered a high school education.

(Admin R. at 23).

The February 15, 2012 decision of the Appeals Council for the SSA is the earliest document in the record indicating that the issue of Plaintiff's education was central to the determination of his disability. The record does not indicate that Plaintiff would have reason to suggest that he was less educated until the 2012 decision by the Appeals Council was issued. Multiple statements in the record regarding Plaintiff's limited education were made in 2008, prior to the date of the 2012 Appeals Council decision. Plaintiff's physicians and his legal counsel indicate that Plaintiff informed them in 2008 that he was enrolled in special education classes and did not complete twelfth grade. Plaintiff's consistent statements to physicians and Plaintiff's counsel in 2008 were made around the same time as the 2008 Disability Report, indicating that the reason for the inconsistency in the record is due to an inaccuracy in the 2008 Disability Report. The record shows that Plaintiff has difficulty understanding, reading, and completing forms, supporting an inference that the 2008 Disability Report was not completed personally by Plaintiff. The ALJ erred in disregarding evidence of Plaintiff's consistent statements to his physicians, his attorney, and the ALJ from September 2008 to the present that he did not complete twelfth grade and was enrolled in special education classes.

The ALJ relied on the 2008 Disability Report that stated Plaintiff had completed twelfth grade to find that Plaintiff had a high school education level, however, section 416.964 of Title 20 of the Code of Federal Regulations explains that education is not evaluated solely in terms of the claimant's formal education level. In this case, Plaintiff is sixty years old and has not participated in any formal education for over forty years. Evidence in the record regarding Plaintiff's enrollment in special education classes, his difficulty reading, understanding English, completing forms, and doing addition or subtraction, contradicts a finding that Plaintiff's education level is "high school education and above." *See* 20 C.F.R. § 416.964(b)(4). The ALJ failed to provide a legally sufficient reason to reject the evidence of Plaintiff's limited ability in reasoning, language skills, and arithmetic that supports a finding that Plaintiff has a "limited

education or less." *See* 20 C.F.R. § 416.962(b).

The Magistrate Judge correctly concluded that the ALJ failed to provide a legally sufficient reason to reject the evidence of Plaintiff's limited ability in reasoning, language skills, and arithmetic that supports a finding that Plaintiff has a "limited education or less." *See* 20 C.F.R. § 416.962(b).

**B. Remedy**

When a district court reverses the decision of the Commissioner of Social Security, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). Case law from the Ninth Circuit Court of Appeals "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez*, 808 F.3d at 407 (citing *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014)). The first step in assessing whether remanding a case for an award of benefits is appropriate is for a district court to

> determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual ambiguities have been resolved. . . . [T]he district court must consider whether the government has pointed to evidence in the record that the ALJ overlooked and explained how that evidence casts into serious doubt the claimant's claim to be disabled. Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits.

*Dominguez*, 808 F.3d at 407 (citations and internal quotations omitted). If there are "outstanding issues requiring resolution before considering whether to hold that the claimant's testimony is credible as a matter of law . . . the district court cannot deem the erroneously disregarded testimony to be true; rather, the court must remand for further proceedings. *Id.* at 409.

If, however, the district court determines that "the record has been fully developed, . . . the district court must next consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were

1 credited as true." *Id.* at 408 (citations and internal quotations omitted). If crediting the
2 evidence as true, the ALJ "would necessarily have to conclude that the claimant were
3 disabled, . . . the district court may exercise its discretion to remand the case for an
4 award of benefits. A district court is generally not required to exercise such discretion,
5 however. District courts retain flexibility in determining the appropriate remedy." *Id.*
6 (citations and internal quotations omitted). Even when the prerequisites that allow a
7 district court to remand for an award of benefits are met, a court "may remand on an
8 open record for further proceedings 'when the record as a whole creates serious doubt
9 as to whether the claimaint is, in fact, disabled within the meaning of the Social Security
10 Act.'" *Id.* (citing *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014)).

11 The Magistrate Judge correctly concluded that the ALJ failed to provide a legally
12 sufficient reason to reject the evidence of Plaintiff's limited ability in reasoning,
13 language skills, and arithmetic that supports a finding that Plaintiff has a "limited
14 education or less." *See* 20 C.F.R. § 416.962(b). The record in this case is fully
15 developed. After the Appeals Council issued its decision, the ALJ held the record open
16 for additional information regarding Plaintiff's education and conducted a second
17 hearing before issuing its decision. Plaintiff's counsel submitted a letter, stating that
18 counsel "spoke[] to Mr. Mack's sister Marjorie Mack. . . . She believes he attended the
19 12th grade but did not graduate." (Admin. R. at 410). In the letter, Plaintiff's counsel
20 asserted that "[w]e were unable to obtain any further information." *Id.* The Magistrate
21 Judge correctly concluded that further administrative proceedings would serve no useful
22 purpose.

23 The Magistrate Judge correctly concluded that the ALJ would be required to find
24 the claimant disabled on remand if the evidence that the ALJ improperly discredited
25 were credited as true. *See Dominguez*, 808 F.3d at 408. Section 416.962(b) of Title 20
26 of the Code of Federal Regulations and Medical Vocational Rule 203.10 directs that if
27 a claimant has severe impairments, is of advanced age, has no past relevant work
28 experience, and has an education level of "limited education or less," the claimant must

1  be found disabled. 20 C.F.R. § 416.962(b); Medical Vocational Rule 203.10. The
2  record shows that Plaintiff has severe impairments (Admin R. at 19), is of advanced age
3  at 55 years old (*Id.* at 23), and has no past relevant work experience (*Id.*). If the ALJ
4  were to give appropriate credit to the substantial evidence in the record that Plaintiff has
5  a "limited education or less," the ALJ would "necessarily have to conclude that Plaintiff
6  is disabled." *See* 20 C.F.R. § 416.962(b)*; Dominguez*, 808 F.3d at 408. The Court
7  finds that all of the *Dominguez* prerequisites have been met. *See id.* at 407-408. The
8  record as a whole does not create "serious doubt as to whether Plaintiff is disabled
9  within the meaning of the Social Security Act." *See id.* (citing *Burrell*, 775 at 1141.
10 Because it serves no purpose to remand the case on an open record, the Court remands
11 the case for award of benefits.

12 **IV.  Conclusion**

13     After conducting a *de novo* review of the Report and Recommendation and
14 considering the entire file, including Defendant's objections, the Court finds that the
15 Report and Recommendation correctly determined that the motion for summary
16 judgment filed by Plaintiff should be granted and the amended cross-motion for
17 summary judgment filed by Defendant should be denied.

18     IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 21)
19 is adopted in its entirety. The motion for summary judgment (ECF No. 16) filed by
20 Plaintiff is granted. The amended cross-motion for summary judgment (ECF No. 20)
21 filed by Defendant is denied. The case is remanded for a calculation and award of SSI
22 benefits.

23 DATED: March 29, 2016

24
                                        *William Q. Hayes*
25                                      **WILLIAM Q. HAYES**
                                        United States District Judge
26
27
28